**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 08 2013, 5:29 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ERIC D. SMITH**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1306-CR-295 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
The Honorable Anne Flannelly, Commissioner
Cause No. 49G04-0103-PC-51465

**November 8, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Eric Smith appeals the denial of his petition for modification of placement without a hearing. We dismiss.

**Issue**

Although Smith raises two issues related to the denial of his petition for modification, we address a dispositive issue, which we restate as whether Smith complied with a 2007 order of this court.

**Facts**

In 2001, Smith was convicted of Class B felony arson and sentenced to twenty years. Smith's conviction was affirmed on direct appeal. Smith then filed several petitions for post-conviction relief and sought appellate review of the denial of a motion for modification of his sentence. On December 19, 2007, out of concern for Smith's propensity toward endless litigation, we issued an order requiring him to seek leave from this Court before filing any additional appeals arising from his arson conviction. The order provided in part:

> Accordingly, this court IMPOSES THE FOLLOWING CONDITIONS upon Appellant with respect to any future criminal appeals that arise from Appellant's conviction for arson:
>
> (a) Appellant must FIRST file a motion for leave of this Court to file any additional appeal directed to this Court seeking review of ANY CRIMINAL MATTER arising out of Appellant's conviction for arson.
>
> (b) Any motion for leave to file an appeal that is tendered by Appellant MUST include an Appellant's Case Summary, a current certified copy of the

2

Chronological Case Summary, the motion filed with the trial court, any answer to the motion, a certified copy of the trial court's judgment from which Appellant seeks review, and a copy of the timely filed Notice of Appeal from the final judgment. Any motion for leave filed after the date of this order shall also include a copy of this order. Failure to include ANY of the above-listed documents shall subject Appellant's motion for leave to file an appeal to DISMISSAL WITH PREJUDICE.

\* \* \* \* \*

(e) Upon receipt of any filings from Appellant, the entire matter, including but not limited to . . . all briefing, shall be automatically HELD in ABEYANCE until such time as this Court issues an order either allowing the appeal to go forward or dismissing the appeal.

Smith v. State, No. 49A04-0706-CR-325, order (Ind. Ct. App. Dec. 19, 2007).

In 2012, Smith filed a petition for modification of his sentence, a petition for additional credit time, and a motion for placement in community corrections, all of which were denied by the trial court. Smith filed a notice of appeal and then a motion for leave to file an appeal. Although we initially denied Smith's motion for leave to file an appeal, the case was eventually fully briefed and transmitted to a panel of this court in November 2012. On appeal, we observed that Smith had filed at least fifteen motions for modification of his sentence and determined that Smith's motion for leave to file an appeal was properly denied. See Smith v. State, No. 49A02-1206-CR-460 slip op. at 2 (Ind. Ct. App. Dec. 27, 2012), trans. denied. We also noted that the December 19, 2007 order "remains in effect and will apply to any future appeals arising from Smith's arson conviction." Id. at 3.

3

On May 7, 2013, Smith filed another petition for modification of placement, a motion to set a hearing, and a motion for telephonic appearance at hearing. On May 20, 2013, the trial court denied these motions without a hearing. On June 17, 2013, Smith filed a notice of appeal. Instead of seeking leave to file an appeal, Smith filed an appellant's brief on August 13, 2013. On September 9, 2013, the State filed an appellee's brief, arguing in part that Smith failed to comply with the requirements of the December 19, 2007 order. On September 18, 2013, Smith filed a reply brief and a motion for leave to file an appeal.

## Analysis

Although the case comes to us fully briefed, we reject Smith's request to address the merits of claim. As we explained in our 2012 decision, "[t]he purpose of the December 19, 2007 order is to screen out appeals that are frivolous, repetitive, or clearly defaulted." Id. at 2. Smith circumvented the screening process by ignoring the December 19, 2007 order and filing an appellant's brief instead of first seeking leave to file an appeal. Smith's decision to file an appellant's brief before seeking leave to file an appeal shows his blatant disregard for the December 19, 2007 order. Accordingly, we will not review the merits of his claim or his challenge to the validity of the December 19, 2007 order raised for the first time in his reply brief. Smith's failure to comply with the December 19, 2007 order warrants the dismissal of his appeal.

## Conclusion

Because Smith did not comply with the procedure set forth in the December 19, 2007 order, we dismiss this appeal.

Dismissed.

CRONE, J., and PYLE, J., concur.